UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Angie Harris,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Experian Information Solutions, Inc.,<br>an Ohio corporation,<br>Equifax Information Services, LLC,<br>a Georgia company, and<br>Ally Financial, Inc.,<br>a foreign corporation,<br><br>　　　　　Defendants. | Case No.: 17-cv-940<br><br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

NOW COMES THE PLAINTIFF, ANGIE HARRIS, by and through counsel, and for her Complaint against the Defendants pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the Village of Glen Carbon, Madison County, Illinois.

4. Venue is proper in the Southern District of Illinois, East St. Louis Division.

## PARTIES

5. Plaintiff is natural person residing in the village of Glen Carbon, Madison County, Illinois.

6. The Defendants to this lawsuit are:

a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Cook County, Illinois;

b. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Sangamon County, Illinois; and

c. Ally Financial, Inc. ("Ally"), which is a foreign corporation that maintains a registered agent in Cook County, Illinois.

## GENERAL ALLEGATIONS

7. Ally is reporting its trade line with an erroneous balance and past due amount of $413 in Ms. Harris' Experian and Equifax credit file and an erroneous status of "Charge Off" on Ms. Harris' Equifax credit file ("Errant Trade Line").

8. Ms. Harris does not owe a balance because the account that is the subject of the Errant Trade Line was paid and discharged in her Chapter 13 Bankruptcy.

9. On February 10, 2012, Ms. Harris filed for Chapter 13 Bankruptcy.

10. Her bankruptcy plan was confirmed on May 31, 2012.

11. On or about April 30, 2013, Ms. Harris received the title and lien release from Ally.

12. On August 11, 2014, her bankruptcy case was completed.

13. In or about May or June 2015, Ms. Harris obtained her credit files and noticed Ally reporting the Errant Trade Line.

14. Shortly thereafter, Ms. Harris disputed the Errant Trade Line with the credit reporting agencies.

15. Despite Ms. Harris' disputes, the Errant Trade Line remained in Ms. Harris' credit file with each of the credit reporting agencies.

16. On or about December 16, 2016, Ms. Harris again obtained her credit files and noticed Ally reporting the Errant Trade Line.

17. Ms. Harris then disputed the Errant Trade Line with the credit reporting agencies.

18. On or about February 1, 2017, Ms. Harris received Experian's investigation results, which showed that Ally continued to report the erroneous information on the Errant Trade Line.

19. On or about May 10, 2017, Ms. Harris submitted a dispute letter to Experian disputing the Errant Trade Line.

20. Upon information and belief, Experian forwarded Ms. Harris' consumer dispute to Ally.

21. On or about June 8, 2017, Ms. Harris submitted a letter to Experian and Equifax, disputing the Errant Trade Line. She explained that the account that is the subject of the Errant Trade Line was paid through her bankruptcy and that Ally sent her the title and lien release and she asked the credit reporting agencies to remove the balance, past due amount and incorrect status of "Charge Off."

22. Upon information and belief, Experian and Equifax forwarded Ms. Harris' consumer dispute to Ally.

23. On or about July 10, 2017, Ms. Harris received Experian's investigation results which showed that Ally retained the erroneous balance and past due amount on the Errant Trade Line.

24. On or about July 11, 2017, Ms. Harris received Equifax's investigation results which showed that Ally retained the erroneous balance, past due amount and status of "Charge Off" on the Errant Trade Line.

25. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff's mortgage application was denied. Plaintiff has since been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY ALLY

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Experian and Equifax of Ms. Harris' consumer dispute of the Errant Trade Lines, Ally negligently failed to conduct a proper investigation of Mr. Harris' dispute as required by 15 USC 1681s-2(b).

28. Ally negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove erroneous balance, past due amount and status from the Errant Trade Line.

29. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Harris' consumer credit file with Experian and Equifax to which it is reporting such trade line.

30. As a direct and proximate cause of Ally's negligent failure to perform its duties under the FCRA, Ms. Harris has suffered damages, mental anguish, suffering, humiliation and embarrassment.

31. Ally is liable to Ms. Harris by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

32. Ms. Harris has a private right of action to assert claims against Ally arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Ally for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ALLY

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. After being informed by Experian and Equifax that Ms. Harris disputed the accuracy of the information it was providing, Ally willfully failed to conduct a proper reinvestigation of Ms. Harris' dispute.

35. Ally willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

36. As a direct and proximate cause of Ally's willful failure to perform its duties under the FCRA, Ms. Harris has suffered damages, mental anguish, suffering, humiliation and embarrassment.

37. Ally is liable to Ms. Harris for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Ally for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Harris as that term is defined in 15 USC 1681a.

40. Such reports contained information about Ms. Harris that was false, misleading, and inaccurate.

41. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Harris, in violation of 15 USC 1681e(b).

42. After receiving Ms. Harris's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Harris has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Experian is liable to Ms. Harris by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Harris as that term is defined in 15 USC 1681a.

47. Such reports contained information about Ms. Harris that was false, misleading, and inaccurate.

48. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Harris, in violation of 15 USC 1681e(b).

49. After receiving Ms. Harris' consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Harris has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

51. Experian is liable to Ms. Harris by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Harris as that term is defined in 15 USC 1681a.

54. Such reports contained information about Ms. Harris that was false, misleading, and inaccurate.

55. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Harris, in violation of 15 USC 1681e(b).

56. After receiving Ms. Harris' consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

57. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Harris has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

58. Equifax is liable to Ms. Harris by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Harris as that term is defined in 15 USC 1681a.

61. Such reports contained information about Ms. Harris that was false, misleading, and inaccurate.

62. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Harris, in violation of 15 USC 1681e(b).

63. After receiving Ms. Harris' consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

64. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Harris has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

65. Equifax is liable to Ms. Harris by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 30, 2017

By: /s/ James W. Eason
JAMES W. EASON, #IL6281329
124 Gay Avenue, Suite 200
Clayton, Missouri 63105
Phone: 314.932.1066
One of Plaintiff's Attorneys

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,
Angie Harris*